### JOHN R. HOBBLER *v.* PLEASANT McDOWELL.

**Guardian and Ward.**

Courts of equity will not permit a guardian to contract with his ward; nor will such agreements be enforced if made within a short time after the ward becomes of legal age, except where the utmost good faith has been shown, for the reason that the influence of the guardian over the ward is still presumed to exist.

APPEAL FROM LARUE CIRCUIT COURT.

January 20, 1880.

OPINION BY JUDGE PRYOR:

The agreed facts conduce to show that the appellant, when he surrendered the property to which he was entitled in right of his wife, was laboring under the belief that the execution of the will divested him of all interest except as a devisee, and that the only remedy left him was to make a distribution in accordance with its provisions. He was told that it was his property unless he consented to the wishes of the wife, but at no time was informed that he had the power to revoke the will or prevent its probate, and when making the settlement was in ignorance of his legal rights.

The peculiar circumstances surrounding the appellant at the date of the execution of the will of his wife must necessarily impress the mind of the chancellor with the belief that the husband was in no condition to resist the request of the wife, or to advise with her, in the presence of those who were to be the devisees, as to the disposition he thought should be made of her estate. Both the young man and his wife should be regarded as being under the control of her uncle who had been her guardian, and who was present when the paper was executed by which his wife was made one of the principal devisees. The wife was scarcely eighteen years of age, and the appellant only twenty-one years and two months old, when this transaction took place. It was entered into in the presence of the guardian of the wife, and for his benefit without any consideration passing to the appellant, and when both, by reason of their youth and want of experience in business affairs, must have been subordinate to his will.

The guardian was not able to surrender his trust, or rather the trust property, by reason of the non-age of the husband; and after the latter arrived at age and within two months from that period, he settled his indebtedness to his ward or her husband by claiming the property as a gift from the ward by the consent of the appellant. Courts of equity will never permit a guardian to contract with his ward, nor will such agreements be enforced if made within a short time after the disability of infancy has been removed, except where the utmost good faith has been shown, for the reason that the influence of the guardian over the ward is still presumed to exist.

Here the money had never been paid by the guardian, but was

held by him for his infant ward and her husband, both infants, and within two months after appellant had arrived at age, two-thirds of the estate had passed from him to the guardian and others without any consideration. The trust fund had never left the hands of the guardian, and the agreed facts have not convinced this court that the consent of the appellant to the making of the will was his spontaneous act, or that he made the settlement with a full knowledge of his legal rights. This case should be considered in the same manner that the settlement would have been, if made with the ward as soon as she arrived at age. In either case a surrender of one-third of the estate to the guardian or his wife, with no other moral obligation than the blood relation existing between them or the kindness of the aunt to the deceased wife during her illness, must be presumed to have arisen from the influence of those who have had their care and protection, and whose command they had been taught to obey.

We do not regard the parties as guilty of any fraudulent conduct in obtaining the money of appellant, but to sanction such a settlement would be to establish a precedent that would lead to the exercise of undue and improper influences by guardians and other fiduciaries for purposes of gain over those whose rights they should maintain.

As to the amount paid to the sister of appellant's wife, it must be regarded as voluntary, at least it was not paid at the instance of the guardian; but as to the sum received by McDowell, either in his own right or for his wife, he must refund with interest from the date he received it.

Judgment *reversed* and cause remanded for further proceedings.
*William Lindsay, T. A. Robertson, W. H. Chelf, for appellant.*
*Reid & Twyman, for appellee.*